IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAVIER ANTHONY-EL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1448-SMY |
| | ) |
| CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT; STATE OF ILLINOIS; JESSE PHILLIPS; and AGENCY OF SHILOH, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Javier Anthony-El filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). He alleges (1) that he was not made aware of the nature of the crime he was charged with until he was detained/kidnaped in violation of his 4th, 5th, and 6th Amendment rights; (2) that Detective/Sergeant Jesse Phillips committed fraud and coerced Petitioner into being a witness against himself in violation of his 4th, 5th, and 6th Amendment rights; (3) that the Circuit Court of the 20th Judicial Circuit lacks power and is not an Article III Court and sentenced him unlawfully in violation of his 4th, 5th, 6th, and 8th Amendment rights; and, (4) that the State of Illinois violated his Constitutional rights by classifying him as "black". *Id.* He seeks monetary damages against each of the respective Defendants.

This matter is now before the Court for preliminary review of the Petition. Rule 4 of the Federal Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must

dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases. Here, Anthony-El's claims are grounded in his claimed status as a "sovereign citizen" which is not constitutionally recognized. Those claims, including his request for monetary damages in a habeas action, are unsupported under law and are clearly legally frivolous.

Accordingly, Anthony-El's Petition and this action are **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2254 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335-336 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Anthony-El must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Anthony-El has not made a substantial showing of the denial of a constitutional right. Nor has he demonstrated that reasonable jurists would disagree with the Court's analysis. Therefore, the Court declines to certify any issues for appeal.

IT IS SO ORDERED.

DATED: June 14, 2024

*[signature]*

**STACI M. YANDLE**
**United States District Judge**